

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-86,246-01, WR-86,246-02, WR-86,246-03 & WR-86,246-04

### EX PARTE RONNIE JAY HUNNEL, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR-16-25713-A, CR-16-25714-A, CR-15-25461-A & CR-15-25325-A
### IN THE 336TH DISTRICT COURT
### FROM FANNIN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest, unauthorized use of a motor vehicle, bail jumping, and manufacture or delivery of a controlled substance in a drug free zone. Applicant was sentenced to five years' imprisonment in each case, with the bail jumping sentence ordered to run consecutive to the sentence for manufacture or delivery of a controlled substance in a drug free zone. He did not appeal his convictions.

Applicant contends that his trial counsel rendered ineffective assistance because, when it was

discovered that the initial plea agreement was legally improper, counsel did not advise Applicant that he could withdraw his guilty pleas rather than accepting the original plea, modified by a consecutive sentence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings addressing Applicant's claim that his pleas were involuntary because he was not told he could withdraw his guilty pleas, rather than accept a modified agreement that required one of the sentences to run consecutively. Should the trial court find that Applicant was mis-advised, the court shall make findings determining whether, but for counsel's errors, Applicant would have insisted on a trial. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues.

The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 1, 2017
Do not publish